IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BOBBY BUFFER,

    Plaintiff,

vs.                                                                                   No. 14-2497-JDT-dkv

OFFICER FRAZIER, et al.,

    Defendants.

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS

On June 24, 2014, Plaintiff Bobby Buffer, prisoner number 14112907, who is incarcerated at the Shelby County Correctional Facility ("SCCF") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On June 26, 2014, the Court entered an order granting leave to proceed *in forma pauperis* and assessing the filing fee. (ECF No. 3.) The Clerk shall record the defendants as Officer Frazier, Sergeant Bryant, Lieutenant Askew, Nurse Gwen, first name unknown Washington, Nurse Battle, Correct Care Solutions, and Shelby County.[1]

Plaintiff alleges that while he was incarcerated at the Shelby County Jail, he was

---

[1] Plaintiff named the Shelby County Jail as a defendant. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against Shelby County. *See generally Hafer v. Melo*, 502 U. S. 21 (1991).

Plaintiff also purports to sue two Jane Doe nurses. Service of process cannot be made on a fictitious party. The filing of a complaint against "Jane Doe" does not toll the running of the statute of limitations against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate the Jane Doe defendants.

prescribed Tylenol for his chest and leg pain from gunshot wounds. (ECF No. 1 at PageID 4.) Unbeknownst to Plaintiff, Defendant Washington gave him Mobic. (*Id.*) After two weeks, Defendant Gwen explained to Plaintiff what medication he had been taking. (*Id.*) Plaintiff contends that the Mobic caused him to cough up blood, to lose his appetite, and to be unable to have a bowel movement. (*Id.*) Plaintiff alleges that on May 3, 2014, he was coughing up blood and bleeding from the nose. (*Id.*) Defendant Frazier was informed, saw Plaintiff, and called Defendant Bryant instead of calling a Code White. (*Id.*) Defendant Bryant cursed Plaintiff and said Plaintiff could fill out a sick call. (*Id.*) Plaintiff alleges that he informed medical the next day, and the prescription was discontinued. (*Id.*) Plaintiff admits that Frazier and Bryant were reprimanded by Defendant Lieutenant Askew but complains that Askew also failed to provide medical attention. (*Id.* at PageID 5.) Plaintiff seeks monetary and punitive damages and injunctive relief providing he be examined by a specialist. (*Id.* at PageID 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to

2

provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); *Savage v. Hatcher*, 109 F. App'x 759, 761 (6th Cir. 2004); *Coker v. Summit County Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of *pro se* complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); *Mitchell v. Community Care Fellowship*, 8 F. App'x 512, 513 (6th Cir. 2001); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a

---

[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff sues Shelby County. A local government "cannot be held liable under 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Correctional Med. Servs., Inc.*, No. 06- 13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. County of Macomb*, No. 06- 15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the complaint fail to identify a purported official policy or custom which caused injury to Plaintiff. Instead, it appears that Plaintiff is suing the Shelby County because he was confined in a county institution.

The complaint contains no allegations arising from any action of Defendants Lieutenant Askew, Nurse Gwen, Nurse Battle, and Correct Care Solutions. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Section 1983 will not support a claim based upon a theory of respondeat superior alone.

*Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). A failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the official least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Co., Ky*, 668 F.2d 869, 874 (6th Cir. 1982). Plaintiff apparently names Defendants Askew and Correct Care Solutions as defendants because they supervise or employ the employees who allegedly violated his rights.

Buffer also has no claim against Defendants Askew and Correct Care Solutions for failing to investigate thoroughly Plaintiff's grievance or complaint. Although failure to investigate may give rise to § 1983 supervisory liability, *see Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) and *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in *Walker* and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In *Dyer v. Casey*, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [*Marchese* and *Lucas* (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In *Walker*, the Sixth Circuit distinguished *Marchese* because the Court "imposed the broad investigative responsibilities outlined in *Marchese* upon the Sheriff in his official

capacity." *Walker*, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

*Young v. Ward*, 1998 WL 384564 *1 (6th Cir. 1998).

Because Plaintiff is no longer incarcerated at the Shelby County Jail, his request for injunctive relief is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, Civil Action No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'. . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*, 429 U.S. at 106.

Within the context of *Estelle* claims, the objective component requires that the medical

need be sufficiently serious. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in *Farmer v. Brennan*, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* 511 U.S. 825, 835-36 (1994). Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106.

When a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5. A difference of opinion between a prisoner and medical personnel about diagnosis, testing, or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Westlake*, *id.*

Even if the medical staff were negligent in treating and medicating Plaintiff, that error would amount at most to malpractice. "[A] complaint that a physician [or nurse] has been

negligent in treating or failing to treat a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical or nursing malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105-06. The allegations are insufficient to establish the subjective component of an Eighth Amendment violation against Defendant Washington.

The Court therefore DISMISSES the claims against Shelby County, Nurse Battle, Nurse Gwen, Lieutenant Askew, Correct Care Solutions, and Washington and the claim for injunctive relief for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to terminate those parties as defendants.

It is ORDERED that the Clerk shall issue process for Defendants Officer Frazier and Sergeant Bryant and deliver said process to the marshal for service. Service shall be made on the individual defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for the defendants, or on any defendant if he or she has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

    IT IS SO ORDERED.

    **s/James D. Todd**
    JAMES D. TODD
    UNITED STATES DISTRICT JUDGE