IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BOBBY BUFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2497-JDT-dkv |
| | ) | |
| OFFICER FRAZIER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND
DENYING DEFENDANTS' MOTION TO DISMISS

On June 24, 2014, Plaintiff Bobby Buffer, RNI number 403974,[1] who is incarcerated at the Shelby County Correctional Facility ("SCCF") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) On April 13, 2015, the Court issued an order dismissing portions of the complaint and directing that process be issued and served on the remaining Defendants, Officer Frazier and Sergeant Bryant, employees of the Shelby County Criminal Justice Complex ("Jail") where Plaintiff was formerly incarcerated. (ECF No. 5.)

Following service of process, the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.) In accordance with Local Rule 12.1(b), a response

---

[1] When Plaintiff notified the Court of his transfer from the Shelby County Criminal Justice Complex to the Shelby County Correctional Center, he also provided his RNI number, 403974. (ECF No. 4.) The Clerk is directed to MODIFY the docket to include Plaintiff's RNI number in his address instead of his booking number.

to the motion was due within twenty-eight days. However, Plaintiff did not respond and did not seek an extension of time in which to do so. Therefore, the motion is ripe for disposition.

In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Nollner v. S. Baptist Convention, Inc.*, 628 F. App'x 944, 949 (6th Cir. 2015); *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010). While the complaint "does not need detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

> In the order of partial dismissal, the Court summarized the Plaintiff's allegations:
>
> Plaintiff alleges that while he was incarcerated at the Shelby County Jail, he was prescribed Tylenol for his chest and leg pain from gunshot wounds. (ECF No. 1 at PageID 4.) Unbeknownst to Plaintiff, Defendant Washington gave him Mobic. (*Id.*) After two weeks, Defendant Gwen explained to Plaintiff what medication he had been taking. (*Id.*) Plaintiff contends that the Mobic caused him to cough up blood, to lose his appetite, and to be unable to have a bowel movement. (*Id.*) Plaintiff alleges that on May 3, 2014, he was coughing up blood and bleeding from the nose. (*Id.*) Defendant Frazier was informed, saw Plaintiff, and called Defendant Bryant instead of calling a Code White. (*Id.*) Defendant Bryant cursed Plaintiff and said Plaintiff could fill out a sick call. (*Id.*) Plaintiff alleges that he informed medical the next day, and the prescription was discontinued. (*Id.*) Plaintiff admits that Frazier

> and Bryant were reprimanded by Defendant Lieutenant Askew but complains that
> Askew also failed to provide medical attention. (*Id.* at PageID 5.)

(ECF No. 5 at 1-2.)

Defendants Frazier and Bryant contend that Plaintiff has failed to allege sufficient facts to establish an Eighth Amendment claim under 42 U.S.C. § 1983 for failure to provide medical care. First, Defendants argue that Plaintiff failed to allege whether he was a pre-trial detainee or a convicted prisoner at the time of the events alleged in the complaint. However, this is not a fatal flaw.

For a convicted prisoner, claims regarding a lack of medical care and other prison conditions arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). For pre-trial detainees, "the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply," because "as a pre-trial detainee [the plaintiff is] not being punished.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). Instead, pre-trial detainees held in state custody are protected against mistreatment by prison officials under the Due Process Clause of the Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2000); *Liscio v. Warren*, 901 F.2d 274, 275-76 (2d Cir. 1990). Nevertheless, even for pre-trial detainees, claims regarding their health and safety are analyzed under Eighth Amendment principles because the rights of pre-trial detainees are equivalent to those of convicted prisoners. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).[2]

---

[2] On June 22, 2015, the Supreme Court held, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a standard of objective reasonableness, rejecting a subjective standard that takes into account a
(continued...)

Although the Defendants also contend that Plaintiff's allegations against them do not rise to the level of an Eighth Amendment violation, the Court disagrees. Plaintiff alleges that Defendants Frazier and Bryant saw that he was lying on the floor of his cell with blood coming out of his nose and that he was also throwing up blood, yet they did nothing to help him. When Frazier called Bryant to Plaintiff's cell, Bryant allegedly stated, "F[***] him, let him fill out a sick call." (ECF No. 1 at 4.) Contrary to Defendants' suggestion, these facts are sufficient to state a plausible claim that Defendants denied Plaintiff medical care "in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

The motion to dismiss is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

²(...continued)
defendant's state of mind. *Id.* at 2472-73. It is unclear whether or to what extent the holding in *Kingsley* may affect the deliberate indifference standard for claims concerning an inmate's health or safety, which the Sixth Circuit applies to both pre-trial detainees and convicted prisoners. *See Morabito v. Holmes*, ___ F. App'x ___, 2015 WL 5920204, at *4-*5 (6th Cir. 2015) (applying, even after the decision in *Kingsley*, the objective reasonableness standard to pretrial detainee's excessive force claims and the deliberate indifference standard to denial of medical care claim). Absent further guidance from the appellate courts, this Court will continue to apply the deliberate indifference analysis to claims concerning a pretrial detainee's health and safety.