IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BOBBY BUFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2497-JDT-dkv |
| | ) | |
| OFFICER FRAZIER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 21),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 24, 2014, the *pro se* prisoner Plaintiff, Bobby Buffer, who was, at the time, incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order granting leave to proceed *in forma pauperis* and assessing the filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) The order also directed Plaintiff to notify the Court immediately of any change of address and warned that if he failed to do so the case could be dismissed without further notice. (*Id.* at 3.) On July 31, 2014, Plaintiff notified the Court that he was incarcerated at the Shelby County Correctional Center ("SCCC") instead of the Jail. (ECF No. 4.)

The Court partially dismissed the complaint on April 13, 2015, and directed that process be issued and served on two Jail employees, Defendants Frazier and Bryant. (ECF

No. 5.) That order again directed Plaintiff to promptly notify the Court of any change of address and warned that failure to do so could result in dismissal of the action. (*Id.* at 9.) Defendants subsequently filed a motion to dismiss for failure to state a claim on which relief may be granted (ECF No. 15), which the Court denied on March 24, 2016 (ECF No. 18).[1] Plaintiff's copy of the order denying Defendants' motion, which was sent to him at the SCCC, was returned undeliverable on April 5, 2016 with the envelope stamped, "Return to Sender Inmate Discharged." (ECF No. 20 at 3.)

On April 22, 2016, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with the Court's orders or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 21.) Defendants note that Plaintiff has failed to provide the Court with a new address even though he has been released from the SCCC.[2]

The most basic responsibility of a litigant is to keep the Court apprised of his whereabouts. Plaintiff was directed, in two separate orders, to notify the Court of any address changes and warned of the consequences of non-compliance. Nevertheless, he has failed to provide a current address; therefore, it appears he has abandoned this action. Accordingly, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff did not respond to the Defendants' motion to dismiss.

[2] On May 10, 2016, the Court granted a motion to withdraw filed by two of Defendants' attorneys. (ECF No. 25.) Plaintiff's copy of that order was also returned undeliverable. (ECF No. 26.)

41(b) is GRANTED, and this case is DISMISSED for failure to comply with the Court's orders and failure to prosecute.

The Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3) that an appeal by Plaintiff would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE